## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **ORLANDO BELL**, <br><br> Defendant. | Case No. 17-cr-234-7 (TNM) |

## MEMORANDUM ORDER

In 2018, a jury convicted Orlando Bell of possessing cocaine with intent to distribute and possessing a firearm "in furtherance" of the "[d]rug [t]rafficking offense."  Verdict Form, ECF No. 117, at 2–3.  The Court sentenced him to 130 months' incarceration.  Judgment, ECF No. 175, at 3.

Recently, Bell has made several pro se filings, which the Court now addresses together.  In short, all his pending motions will be denied except for his motion for return of property.  That request is construed as a civil complaint that will require further briefing from the Government.

\*   \*   \*

Bell has made the following filings: repeated motions for the Court to recuse from this case, ECF Nos. 340, 342, 344; two motions for return of property, ECF Nos. 332, 340; a motion to clarify this Court's repeated denial of habeas appellate relief under 28 U.S.C. § 2253(c), ECF No. 337; two motions to appeal the Court's decision not to reconsider the habeas denials, ECF Nos. 341–42; a motion for compassionate release, ECF No. 356; a motion for reduction in

sentence, ECF No. 367; and two motions to expedite the Court's decisions, ECF Nos. 371–72. The Court handles each category of filing in turn.

## I.

Bell filed three separate motions that request the Court's retroactive, present, and future recusal. The present recusal request appears in the motion for return of seized property. *See* ECF No. 340. The second motion asks for retroactive recusal from all proceedings since an alleged wiretap. Mot. Appeal Denial Recons., ECF No. 342. The third motion would have the Court "stop proceedings pertaining to [the Return of Property Motion]" until the recusal motions are decided. Am. Mot. Recusal, ECF No. 344, at 1.

At bottom, his recusal arguments claim that the Court is "not able to be partial" in any of Bell's proceedings because it permitted a prosecutor to act as a witness in his criminal case. Mot. Appeal Denial Recons., ECF No. 342, at 1–3; Mot. Return Seized Property, ECF No. 340, at 2.[1] This argument fails factually and legally.

First, the D.C. Circuit already stated that "the prosecutor did not testify as a witness in the case." *In re Bell*, 2023 WL 11057299, at *1 (D.C. Cir. Oct. 31, 2023).[2] This Court agrees. Trial Tr., ECF No. 200, at 7. Bell seemed to be under the impression that the prosecutor was a witness in the case because the prosecutor stated that he had witnessed a wiretap. Mot. Return Seized

---

[1] He also mentions purportedly conflicting rulings on ex parte communication, but disagreement with legal rulings is not grounds for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[2] The D.C. Circuit denied a writ of mandamus for recusal here. Because this standard is more demanding than the usual recusal standard, the Court must consider the recusal motions afresh. *Compare In re Bell*, 2023 WL 11057299, at *1 (requiring a "clear and indisputable right to the relief requested" to win a writ of mandamus) *to United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam) (requiring "a reasonable and informed observer" standard to "question the judge's impartiality" to grant a recusal motion).

Property, ECF No. 340, at 1–2. But the prosecutor never testified at trial. *See* Trial Tr., ECF No. 200, at 7. So he does not qualify as a witness.

Second, the motions fail as a matter of law. Two potential statutes are implicated here. The first option allows parties to make "timely and sufficient" affidavits that the judge has a "personal bias or prejudice." 28 U.S.C. § 144. Bell's submission would not be "timely" under this statute. Bell's proceedings occurred in 2018 and he filed his first recusal motion four years later. *E.g.*, Trial Tr., ECF No. 217; Mot. Appeal Denial Recons., ECF No. 342. "[T]he timeliness requirement ensures that a party may not wait and decide whether to file based on whether he likes subsequent treatment that he receives." *S.E.C. v. Loving Spirit Found. Inc.*, 392 F.3d 486, 492 (D.C. Cir. 2004) (cleaned up). Waiting several years after the order complained of is "plainly untimely." *Id.* at 492–93 ("We have found no case, nor has the [appellant] cited one, permitting a delay as long as the one in this case, where Puma waited two years after the first order it complains of and over six months after the last.").

The second, more typical recusal statute is 28 U.S.C. § 455. Bell's complaints track most closely with the language of § 455(a): "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the D.C. Circuit, recusal is required under § 455(a) when "a reasonable and informed observer would question the judge's impartiality." *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam). But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal." *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Loving Spirit*, 392 F.3d at 494. Insofar as Bell disagrees with the Court's ruling about the prosecutor's representation, this is an argument for appeal, not recusal.

Bell makes two miscellaneous arguments in his second motion to recuse that are worth addressing briefly. Mot. Appeal Denial Recons., ECF No. 342; *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (construing pro se arguments generously). First, Bell suggests that he was prejudiced by ineffective assistance of counsel in his § 2255 defense. Mot. Appeal Denial Recons., ECF No. 342, at 3. But he has already tried and lost that argument with the Circuit: "Nor has [Bell] made a substantial showing of the denial of a constitutional right based on the performance of counsel appointed to assist him with his reply in support of his § 2255 motion." *United States v. Bell*, 2023 WL 8007663, at *1 (D.C. Cir. Apr. 25, 2023); *cf. Garza v. Idaho*, 586 U.S. 232, 245 (2019) (recognizing that "[t]here is no right to counsel in postconviction proceedings"). In any event, the Court finds this argument meritless.

Second, Bell says that the indictment was amended outside the presence of the grand jury and thus violated the Fifth Amendment's requirement that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury." U.S. Const. amend. V; *see* Mot. Appeal Denial Recons., ECF No. 342, at 3. The Government had filed a superseding indictment that corrected an "obvious typographical error" when a gun-possession count referenced the wrong count as the predicate offense. *United States v. Bell*, 811 F. App'x 7, 8 (D.C. Cir. 2020). Yet again this Court must follow the D.C. Circuit, which rejected this argument when Bell raised it in his first appeal because he never even "contended" that "he was prejudiced by this obvious typographical error" in the indictment until his appeal. *Id.*

In any event, neither of these run-of-the-mill trial gripes go to the Court's impartiality and thus do not justify recusal here.

## II.

Over four years after conviction, Bell filed a motion asking that the Government return property seized from him during his arrest.  Mot. Return Seized Property, ECF No. 332.  He says that he is owed the following items: "five hundred dollars, a Leatherman pocket knife, Taurus P.T 25 Automatic along with the Jazminine [sic] 9mm Automatic taken from the trunk of [his] Nisan [sic] Altima on March 8, 2017," "9 phones taken on that same day from the council/armrest [sic] of the stated car by United States Park Police," and "the gun taken by the F.B.I. on December 8, 2017."  *Id.* at 2.

The Government responded that, while it still had most of his items, including several firearms, some ammunition, and about $450, it no longer had all of Bell's effects.  Gov't Opp'n Mot. Return Seized Property, ECF No. 339, at 6.  Specifically, it was missing about $50 of what Bell claimed it had, the Leatherman pocketknife, and a "Jazminine" 9mm automatic pistol.  *Id.*

When a motion under Rule 41(g) is made after criminal proceedings have terminated and the Government has failed to either forfeit or return the property, the motion is construed as a civil complaint requesting equitable relief in the form of the property's return.  *Ford-Bey v. United States*, 2020 WL 32991, at *7 (D.D.C. Jan. 2, 2020), *aff'd*, 2021 WL 2525374, at *1 (D.C. Cir. June 2, 2021) ("The district court properly construed appellant's motion . . . as a civil complaint requesting equitable relief in the form of the return of the remaining 27 items.").[3]

---

[3] Some courts have construed such pro se filings as motions to set aside declarations of forfeiture under 18 U.S.C. § 983(e). *Ford-Bey*, 2020 WL 32991, at *9.  But such a motion "can only be directed at those items which were in fact forfeited by the Government." *Id.*  The Government here expressly disclaimed seeking forfeiture at sentencing. Sentencing Tr., ECF No. 209, at 18:3–7.  The prosecutor also did not file a motion on the docket indicating the outcome of an administrative forfeiture proceeding or strike a forfeiture allegation from the indictment, the "proper procedure" to show that property has been formally forfeited.  Section 9-112.150, Seizure Pursuant to a Criminal Warrant: Availability of Administrative Forfeiture, Justice.gov (2010), https://www.justice.gov/jm/jm-9-112000-administrative-and-judicial-forfeiture.  The Government may clarify the status of the property in its response if necessary.

This is because once criminal proceedings end, the criminal rules have no force. *Id.* at *12. Construed as such, Bell's complaint is timely under 28 U.S.C. § 2401(a), the fallback six-year statute of limitations for actions brought against the United States. *Id.* at *10. So Bell's motion will be construed as a civil complaint. The Court "must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences." *Arencibia v. 2401 Rest. Corp.*, 699 F. Supp. 2d 318, 323 (D.C. Cir. 2010). The Government is directed to file a response to the civil complaint by August 15, 2025.

The Government need not address the firearms or the ammunition. Construing the filings as a civil complaint and motion to dismiss for these limited present purposes, the Court holds that it cannot order that the firearms and ammunition be returned. Seized property should generally be returned to a defendant after criminal proceedings conclude. *See United States v. Farrell*, 606 F.2d 1341, 1343 (D.C. Cir. 1979). But contraband is excluded from this general rule. *See United States v. Jeffers*, 342 U.S. 48, 54 (1951). There are two types of contraband: per se and derivative. Per se contraband is property that is by nature illegal to possess. *See One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 699 (1965). "Derivative contraband are articles which are not inherently illegal, but are used in an unlawful manner." *Farrell*, 606 F.2d at 1344 (cleaned up).

Bell's guns and ammunition likely are per se contraband. They are "objects the possession of which, without more, constitutes a crime." *Id.* (cleaned up). Bell is a felon and cannot legally possess firearms or ammunition. Judgment, ECF No. 175; 18 U.S.C. § 924(g). So possessing these objects would be a crime. "Obviously, the courts cannot participate in a criminal offense by returning firearms to a convicted felon." *See United States v. Howell*, 425 F.3d 971, 977 (11th Cir. 2005).

Even if they are not per se contraband, these items are derivative contraband.  *Cf. Cooper v. City of Greenwood*, 904 F.2d 302, 305 (5th Cir. 1990) ("[F]irearms other than those proscribed by the National Firearms Act are not contraband *per se*").  Derivative contraband generally is forfeited when authorized by statute.  *Farrell*, 606 F.2d at 1345.  Here, the Government relies on a statute authorizing forfeiture of a firearm and ammunition used in a § 924(c) offense.  18 U.S.C. § 924(d).  Bell was found guilty of this offense.  Judgment, ECF No. 175.  So the items would be forfeited as derivative contraband and the Court cannot order the Government to return the guns and ammunition.

The Government's new motion also need not address the items that it has conceded it owes Bell, namely firearm carry permits and a brown leather holster.  Gov't Opp'n Mot. Return Seized Property, ECF No. 339, at 8.

### III.

Next, Bell requests that the Court clarify why there is no "Motion to Reconsider Denial of 28 U.S.C. 2253(c)" on the docket, which he says was mailed on September 27, 2022.  Mot. Clarify Recons. Denial, ECF No. 337.  The answer is simple:  That motion was received on October 14, 2022, but leave to file was denied on November 15, 2022.  Leave to File Denied, ECF No. 328.  The motion violated Federal Rule of Criminal Procedure 49(b)(4).  *Id.*

### IV.

Bell next moves to appeal this Court's denial of reconsideration for 28 U.S.C. § 2253 relief. Mot. Appeal Denial Recons., ECF No. 342. This motion also is controlled by the law of the case. The D.C. Circuit already denied Bell a certificate of appealability on that issue and dismissed his appeal. *Bell*, 2023 WL 8007663, at *1. Bell did not make a "substantial showing of the denial of a constitutional right," and he also did not demonstrate that "reasonable jurists would find [this Court]'s assessment of the constitutional claims . . . debatable or wrong." *Id.* (cleaned up); *see* Order Den. Cert. Appealability, ECF No. 320. Bell's motion to appeal the denial of his § 2253(c) claim is denied because he has already appealed unsuccessfully. In any event, the Court stands by the reasoning of its original § 2253 decision.

## V.

Next, Bell argues that he should receive compassionate release under the First Step Act. Mot. Compassionate Release, ECF No. 356. The relevant statute allows a criminal defendant to move a federal court directly for compassionate release in certain circumstances. 18 U.S.C. § 3582(c)(1)(A). The motion must come from either the Director of the Bureau of Prisons (BOP) or the defendant *after* he exhausts his administrative appeals within the BOP. *Id.* With these procedural items satisfied, a court then may modify a sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" or the defendant is at least 70 years old and has served for 30 years. *Id.*

Bell filed an inmate request for Compassionate Release/Reduction in Sentence to the BOP. Mot. Compassionate Release, ECF No. 356, at 15. He asserted that he had a terminal medical condition justifying a reduction in sentence. *Id.* This is one of the Sentencing Commission's "extraordinary and compelling" reasons meriting compassionate release.

U.S.S.G. § 1B1.13(b)(1)(A).  The BOP denied his request because his hypertension, diabetes, and kidney disease did not "qualify" and, moreover, Bell did not "have medical insurance or the means for medical treatment if released from custody."  Mot. Compassionate Release, ECF No. 356, at 15.[4]  Bell could have appealed the BOP's denial within 20 days.  *Id.* at 14.  But he offers no evidence of that appeal.  *Id. passim.*  Exhausting administrative appeal is required under 18 U.S.C. § 3582(c)(1)(A) for a court to modify a term of imprisonment.  Bell has failed that requirement.

Even if Bell did not fail to exhaust, the motion would be denied as meritless.  Recall that there are two grounds for sentence modification: (1) when a defendant is at least 70 years old and has served at least 30 years in prison, or (2) when "extraordinary and compelling reasons" so counsel.  18 U.S.C. § 3582(c)(1)(A)(i)–(ii).  Bell has not served for 30 years.  Verdict, ECF No. 117 (entered in 2018).  So extraordinary and compelling reasons are the only way this Court could modify his sentence.  Any "extraordinary and compelling reason" must follow the Sentencing Commission's "policy statements" and the sentencing factors set forward in 18 U.S.C. § 3553(a).  18 U.S.C. §§ 3553(a)(2)(A)–(D), 3582(c)(1)(A).  The Sentencing Commission's policy statement lists the categories of "extraordinary and compelling reason[s]": medical circumstances, age of the defendant, family circumstances, whether the defendant was a victim of abuse, and a catchall "other reasons" category.  U.S.S.G. § 1B1.13; *United States v. Jenkins*, 50 F.4th 1185, 1207 (D.C. Cir. 2022) (citing U.S.S.G. § 1B1.13 when considering extraordinary and compelling circumstances).

---

[4] Bell also alleged judicial misconduct to justify his reduction in sentence.  *Id.* at 16.  BOP responded that it could not modify a sentence on this basis because the proper appeal lay in this Court.  *Id.* at 14.  Bell moved separately for judicial recusal and relief based on prosecutorial misconduct, which this Court denied *supra*.  *See* Section I.  So this argument also fails in the sentence-reduction context.

Bell asserts that his circumstances meet this high bar for several reasons. First, he critiques this Court considering his acquitted cocaine conspiracy charge during sentencing. Mot. Compassionate Release, ECF No. 356, at 4. Second, he says that his conviction for an 18 U.S.C. § 924(c) violation, carrying a firearm during a drug trafficking crime, is invalid because he was acquitted of conspiracy to drug traffic. *Id.* at 5. Third, he argues that a § 924(c)(1) charge does not merit an enhanced sentence. *Id.* at 4–5. Fourth, he says that he was a licensed gun holder, so his firearm conviction is invalid. *Id.* at 5. Fifth, Bell cites medical conditions and an episode of sexual abuse by Park Police as "extraordinary and compelling reasons." *Id.* at 6–7. Finally, he reasserts four claims that the Court already held were foreclosed by the D.C. Circuit or invalid. *Id.* at 5–6, 9 (typographical error fixed in a superseding indictment); *id.* at 8, 16 (prosecutorial misconduct and judicial bias); *id.* at 16 (ineffective assistance of counsel); *see supra* Section I.A (rejecting these claims).

His first argument falls away quickly. Bell already lost in the D.C. Circuit when making the same argument about considering acquitted conduct at sentencing. *See United States v. Bell*, 811 Fed. App'x 7, 9 (D.C. Cir. 2020).

Next, Bell argues that his drug conspiracy acquittal invalidates his conviction for carrying a firearm during a drug trafficking crime. Mot. Compassionate Release, ECF No. 356, at 5; 18 U.S.C. § 924(c)(2). This is incorrect because he was found guilty of a different drug trafficking crime. Bell was convicted of cocaine possession with intent to distribute, violating 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Verdict Form, ECF No. 117, at 2. That is a "drug trafficking crime" during which it is illegal to carry a firearm. 18 U.S.C. § 924(c)(2) (defining "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)). In making his argument, Bell selectively quotes *United States v. Edmundson*, 153 F. Supp. 3d

857, 864 (D. Md. 2015), *as amended* (Dec. 30, 2015).  But this case is inapt.  The district court in that case held that *Hobbs Act Conspiracy* does not meet the definition of a crime of violence during which it is illegal to carry a firearm.  *Id.*  The opinion has nothing to do with whether cocaine possession with intent to distribute qualifies as a drug trafficking crime for § 924(c) purposes.

Third, Bell is incorrect that there is no sentence enhancement for an 18 U.S.C. § 924(c) charge.  As the Court recounted at sentencing, it qualifies for a five-year statutory mandatory minimum.  Sentencing Tr., ECF No. 209, at 6:2–5.  His other conviction for cocaine possession did not have a statutory minimum.  *Id.* at 5:21–25.  So the firearm charge did enhance his sentence under the governing law.

Fourth, a gun license does not license the gunowner to drug traffic.  The statute prohibiting armed drug trafficking does not contain a carveout for licensed guns.  18 U.S.C. § 924(c)(1)–(5).  The only weapon-related caveats *increase* sentences for brandishing certain types of guns during drug trafficking or crimes of violence.  *E.g.*, *id.* § 924(c)(1)(B)(i)–(ii).  So Bell's licensed gun still supports his firearm conviction.

Fifth, Bell argues that his medical issues and an episode of sexual abuse from his arresting officers qualify as "extraordinary and compelling" reasons that counsel reducing his sentence.  Mot. Compassionate Release, ECF No. 356, at 6–7.  Recall that medical circumstances may qualify for sentence reduction.  U.S.S.G. § 1B1.13(b)(1).  But this Court agrees with the BOP that Bell's medical conditions do not qualify for compassionate release.  *See supra* at 9.  He has not shown that he is suffering from a terminal illness, or any other condition "that requires long-term or specialized medical care that is not being provided and without which the defendant

is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1) (listing terminal illness examples as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia"). To the contrary, the BOP found that Bell did not have the insurance or resources to obtain medical care for his conditions *outside* the carceral environment. *See supra* at 9. The D.C. Circuit also has rejected Bell's suggestion that COVID spread in carceral facilities qualifies as an "extraordinary and compelling reason[]." *United States v. Edwards*, 2022 WL 1769144, at *1 (D.C. Cir. June 1, 2022).

Bell also asserts that he was sexually abused by police officers on the day of his arrest. Mot. Compassionate Release, ECF No. 356, at 19–22. But his allegations fail factually and legally. As a factual matter, the Court already dealt with this accusation during trial and Bell's first habeas petition round of briefing. Mot. Habeas Relief, ECF No. 283, at 16. The officers testified that during Bell's search incident to arrest, he had "clench[ed] his buttocks" when they tried to search his "groin area." Mem. Order, ECF No. 303, at 2. "The officers decided to conduct a strip-search once they got Bell to a police station." *Id.* at 2. When they arrived, they "found between his buttocks two plastic bags" containing "6.27 grams of crack cocaine." *Id.* at 3. The Court found the officer who testified "credible in all of his testimony." *Id.* So as a factual matter, the Court has already credited the officers' version of events, that is, that a strip search was necessary to recover the drugs Bell was hiding. In sum, the Court rejects Bell's allegations of sexual abuse. His decision to secret contraband between his buttocks is the only reason a strip search occurred.

Legally, courts only reduce sentences after the "misconduct" has been "established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in

imminent danger." U.S.S.G. § 1B1.13(4)(A)–(B).  Bell has made no suggestion in his filing that

he is in imminent danger because his abuse allegations center around the day of his arrest many

years ago involving a different agency than his current jailers.  Mot. Compassionate Release,

ECF No. 356, at 19–22.  He also has not suggested that there is any delay in parallel proceedings

adjudicating the abusive episode.  *Id.*  The only civil action alleging abuse is his habeas petition,

which resulted in no finding of civil liability; this Court rejected his request for discovery about

sexual abuse from the arresting officers.  Mem. Order, ECF No. 303, at 10–11.  So his request

fails legally as well.

Finally, the Court would not find that reducing his sentence serves the § 3553(a) factors

because he has served only half of his sentence for a serious crime.  Early release would not

serve the interests of deterrence, public protection, and respect for the law.  18 U.S.C.

§ 3553(a)(2).[5]  Because compassionate release requires the Court to consider the § 3553(a)

factors, this is an independent reason for denying Bell's motion; the Court would not reduce it

even if the other § 3582 requirements were satisfied.  18 U.S.C. §§ 3582(c)(1)(A); *e.g.*, *United

States v. Bauer*, 714 F. Supp. 3d 1, 4 (D.D.C. 2024) (describing sentence reduction as a "two

step" process, first determining eligibility and second considering the § 3553 factors "to

determine whether, in [the Court's] discretion, a reduction is warranted").

To conclude, because Bell has not presented a proper "extraordinary and compelling"

reason to reduce his sentence, his motion is denied.

---

[5] *Esteras v. United States*, 606 U.S. ___ (2025), limited which § 3553(a) factors district courts should consider in
supervised release revocation under 18 U.S.C. § 3583(a).  Because this case concerns modification of a sentence
under 18 U.S.C. § 3582, *Esteras* does not so limit the Court's consideration of § 3553(a) factors.

# VI.

Finally, Bell moves for a reduction of sentence.  Mot. Reduction Sentence, ECF No. 367.[6]  District courts may reduce a sentence when a defendant's "sentencing range [] has subsequently been lowered by the Sentencing Commission," if the situation also satisfies the factors in § 3553(a).  18 U.S.C. § 3582(c)(2).  Bell says that this principle applies because the Sentencing Commission issued new adjustment guidelines for first time offenders after his sentencing.  U.S.S.G. § 4C1.1 (noting an effective date of November 1, 2023).  Bell has no prior felony convictions.  Final Presentence Report, ECF No. 168, at 14 (noting a criminal history score of zero).  But those new guidelines require that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense."  U.S.S.G. § 4C1.1(7).  Bell was convicted of carrying a firearm during his drug trafficking offense, so the new guidelines would not apply to him regardless.  Verdict Form, ECF No. 117, at 3.

Not so fast, says Bell.  This new guideline does apply to him because his § 924(c) conviction was invalid, he argues.  Mot. Reduction Sentence, ECF No. 367, at 4.  But, as before, Bell was convicted of a valid predicate drug trafficking offense even though he was acquitted of drug trafficking conspiracy.  *See supra* Section I.E.  Bell's conviction for carrying a firearm during a drug trafficking offense is enough to preclude him from the new adjustments under § 4C1.1.  Bell's motion for sentence reduction is denied.

---

[6] Bell also points toward a "mistake" discussed during his trial, but this referenced "mistake" was merely a back-and-forth during jury instruction negotiation that discusses a draft of the instructions.  *Id.* at 3 (citing Trial Tr., ECF No. 201, at 10:21–11:6).  He also alleges that someone in the BOP has been interfering with his mail.  *Id.* 1, 7–8. The Court has received ample filings from Bell and it appears he is already seeking reassurance of his mail's integrity from the appropriate officials at the BOP, so the Court takes no action on this point.  *Id.* at 7.

\*   \*   \*

Upon consideration of Defendant's motions, the briefing related to these motions, the pleadings, and the relevant law, it is hereby **ORDERED** that Defendant's motions to recuse, ECF Nos. 340, 342, 344; to clarify denial of habeas appellate relief under 28 U.S.C. § 2253(c), ECF No. 337; to appeal the denial of his § 2253(c) claim, ECF Nos. 341–42; to grant compassionate release, ECF No. 356; and to reduce his sentence, ECF No. 367; are **DENIED**. Accordingly, the twin motions to expedite decision on the motions for Reduction of Sentence and Compassionate Release, ECF Nos. 371–72, are **DENIED AS MOOT**. The Court further **ORDERS** that the Government file a supplemental response to Bell's motions for return of seized property, ECF Nos. 332, 340, by August 15, 2025.

**SO ORDERED**.


Dated: July 2, 2025                                     _____
                                                        TREVOR N. McFADDEN, U.S.D.J.