**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>**ORLANDO BELL**,<br>Defendant. | Case No. 1:17-cr-00234-7 (TNM) |

## MEMORANDUM ORDER

A jury convicted Defendant Orlando Bell of possessing cocaine with intent to distribute and possessing a firearm "in [f]urtherance" of his "[d]rug [t]rafficking [o]ffense." Verdict Form at 2–3, ECF No. 117. The Court sentenced him to 130 months' incarceration. Judgment at 3, ECF No. 175.

Since then, Bell has become a prolific *pro se* litigant. *See generally* 07/02/2025 Mem. Order, ECF No. 374 (addressing Bell's previous batch of *pro se* motions). This time, the Court addresses Bell's motions for the return of seized property, ECF Nos. 332, 340; motion for release on bond pending appeal, ECF No. 387; motion to clarify and to enter an order regarding prison mail, ECF No. 380; motion to show cause, ECF No. 385; and request for leave to file a motion for jury instruction transcripts, ECF No. 390. The Court denies them all except for the motions to return seized property, which the Court grants in part.

### I.

Start with Bell's motions for the return of seized property. *See* Mot. for Return of Seized Prop., ECF No. 332; Second Mot. for Return of Seized Prop., ECF No. 340.[1] Bell contends that

[1] Bell's second motion reads more like a motion asking for the Court's recusal. *See* Second Mot. for Return of Seized Prop. at 2–4. The Court denied that request in its previous order and see no

he is owed certain items the Government seized during his arrest, including: "five hundred dollars, a Leatherman pocket knife, [a] Taurus P.T 25 Automatic along with the Jazminine [sic] 9mm Automatic taken from the trunk of [his] Nisan [sic] Altima on March 8, 2017," "9 phones taken on that same day from the council/armrest [sic] of the stated car by United States Park Police," and "the gun taken by the F.B.I. on December 8, 2017." Mot. for Return of Seized Prop. at 2; *see also* Second Mot. for Return of Seized Prop. at 1–3 (asking again about the knife and one pistol).

Construing Bell's *pro se* filing "liberally," *Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d 386, 397 (D.C. Cir. 2020), the Court treated Bell's motions under Federal Rule of Civil Procedure 41(g) as a civil complaint, found his Complaint timely, and ordered the Government to respond, *see* 07/02/2025 Mem. Order at 5–6.[2] In this context, the Court ordinarily would construe the Government's response as a motion to dismiss. *See, e.g.*, *id.* at 6 (doing just that). But the Government's supplemental response incorporates a document that was not attached nor referred to in the Complaint. *See* Gov't's Suppl. Resp. Ex. 1 at 1–2, ECF No. 382-1 (attaching a "Receipt for Property"). Thus, the Court will treat the Government's supplemental response as a motion for summary judgment under Rule 56. *See United States v. Ibrahim*, 522 F.3d 1003,

---

new reason to recuse here. *See* 07/02/2025 Mem. Order at 2–4. Now, the Court addresses any outstanding arguments in that motion about Bell's seized property.

[2] Earlier, the Court reasoned that it was appropriate to construe Bell's *pro se* filing as a civil complaint rather than a motion to set aside a declaration of forfeiture under 18 U.S.C. § 983(e) because the Government "expressly disclaimed seeking forfeiture at sentencing" and had not filed a motion "indicating the outcome of an administrative forfeiture proceeding." 07/02/2025 Mem. Order at 5 n.3. The Government's supplemental response does not suggest formal forfeiture has taken place either. It still appears that "the Government has failed to either forfeit or return the property," so the Court continues to treat Bell's Rule 41(g) motion as "a civil complaint requesting equitable relief in the form of the property's return." *Id.* at 5. That said, the Court would reach the same conclusion on the merits under a Criminal Rule 41(g) analysis.

1007–08 (9th Cir. 2008) ("Once [a] district court treat[s] [a defendant's] Rule 41(g) motion as a civil complaint, . . . . [the] court should first convert a government's opposition into a motion for summary judgment if it cannot decide the matter on the pleadings." (cleaned up)); *Ford-Bey v. United States*, 21-5053, 2021 WL 2525374, at *1 (D.C. Cir. June 2, 2021) (affirming a district court construing a motion to dismiss as a motion for summary judgment in this posture).[3] Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Government generally must return seized property to a defendant after criminal proceedings conclude. *See United States v. Farrell*, 606 F.2d 1341, 1343 (D.C. Cir. 1979). But that rule does not apply to contraband. *See United States v. Jeffers*, 342 U.S. 48, 54 (1951). There are two types of contraband: per se and derivative. *Farrell*, 606 F.2d at 1344. Per se contraband is property that is by its nature illegal to possess, *see One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 699 (1965), so a defendant "has no right" to demand its return, *Farrell*, 606 F.2d at 1344. Derivative contraband, meanwhile, consists of "articles which are not inherently illegal, but are used in an unlawful manner." *Id.* (citation omitted). "An automobile used in furtherance of a felony is the paradigm example of derivative contraband." *Boggs v. Merletti*, 987 F. Supp. 1, 10 (D.D.C. 1997), *aff'd sub nom. Boggs v. Rubin*, 161 F.3d 37 (D.C.

---

[3] When a district court converts a pleading into a motion for summary judgment, that court "must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). The Court gave Bell a chance to respond to the Government's filing over a year ago, but Bell has not leveraged that opportunity. *See* 10/09/2025 Minute Order (authorizing Bell to file a response to the Government by November 7, 2025).

Cir. 1998). Forfeitures of derivate contraband must be "authorized by statute." *See Farrell*, 606 F.2d at 1345.

Bell has asked for the return of four categories of items: firearms and ammunition, $500 in cash, a pocketknife, and several cell phones.[4] The Court previously held that Bell's firearms and ammunition are either per se or derivative contraband, so they cannot be returned. *See* 07/02/2025 Mem. Order at 6–7.

The Government contends that the cash also is derivative contraband. Congress has authorized forfeitures of proceeds resulting from drug transactions. *See* 21 U.S.C. § 853(a)(1). And here, the Government argues that the cash was seized "at the same time as and in proximity to guns and drugs the police also recovered." Gov't's Suppl. Resp. at 12, ECF No. 382.

The Court agrees. Here, trial testimony shows that the police discovered the cash when they stopped Bell after an FBI agent's tip that he just saw "a narcotics transaction take place." Trial Tr. vol. II 252:9–11, ECF No. 202. The cash was discovered "in proximity to [the] guns and drugs the police also recovered" shortly after the agent witnessed the drug transaction take place. Gov't's Suppl. Resp. at 12. Bell has not submitted facts in opposition, so the Court finds that Bell has "failed to identify a genuine dispute" that the seized dollars are proceeds resulting from a drug transaction. *Jacobsen v. Oliver*, 555 F. Supp. 2d 72, 76 (D.D.C. 2008). Thus, the Court holds that the cash is derivative contraband that the Court cannot order returned.

---

[4] The Government objects that it only has $453.24 in its possession, not $500. Gov't's Opp. to Def.'s Mot. for Return of Seized Prop at 6, ECF No. 339; Gov't's Suppl. Resp. at 12, ECF No. 382. But the parties agree that the cash referred to in Bell's motion was seized during the traffic stop in March 2017. Mot. for Return of Seized Prop. at 2; Gov't's Suppl. Resp. at 2–3. The exact dollar amount seized is not dispositive because it does not affect the Court's analysis of whether the seized currency qualifies as contraband.

Finally, the pocketknife and cell phones. The Government has already returned the pocketknife, so the Court "lack[s] power to order its return." *Ford-Bey v. United States*, 19-cv-2039, 2020 WL 32991, at *13 (D.D.C. Jan. 2, 2020), *aff'd*, 21-5053, 2021 WL 2525374 (D.C. Cir. June 2, 2021); *see* Gov't's Suppl. Resp. Ex. 1 at 1–2 (showing Bell signed for and received the pocketknife in December 2017). And the Government concedes that it owes Bell the cell phones and has agreed to let Bell retrieve them. Gov't's Suppl. Resp. at 12.

Because the firearms, cash, and pocketknife are either contraband or have already been returned, the Court denies Bell's motions in part and grants summary judgment in part to the Government. The Court grant's Bell's motion in part with respect to the cell phones the Government agrees it must return.

**II.**

Next, under 18 U.S.C. § 3143, Bell requests that the Court release him on bond pending the disposition of his petition for rehearing at the D.C. Circuit. *See* Mot. for Bond at 1–2, ECF No. 387.

The Court denies Bell's motion. To start, Bell's "appeal" it is not a direct appeal at all, but a request for permission to file a second and successive collateral attack on his sentence under 28 U.S.C. § 2255. *See* Mot. for Bond at 1; *see also* Order, *Bell v. United States*, 25-3027, (D.C. Cir. Mar. 9, 2026), Doc. 2162683 (directing the Government to address whether 28 U.S.C. § 2244(b)(3)(E) bars Bell's petition for rehearing of order denying leave to file second and successive Section 2255 motion). "[Section] 3143(b) does not apply" to such requests. *United States v. Kelly*, 790 F.2d 130, 139 (D.C. Cir. 1986).

Still, "[c]riminal defendants who have exhausted their direct appeals and are serving sentences may seek release while litigating" motions to vacate their sentences "under 28 U.S.C.

§ 2255." *Id.* In a Section 2255 proceeding, "the court's jurisdiction to order release as a final disposition of the action includes an inherent power to grant relief *pendente lite*, to grant bail or release, pending determination of the merits." *Baker v. Sard*, 420 F.2d 1342, 1343 (D.C. Cir. 1969) (cleaned up). But "[s]uch requests are ordinarily . . . measured against a heightened standard[.]" *United States v. Lyons*, 21-cr-79, 2024 WL 3898550, at *4 (D.D.C. Aug. 22, 2024) (cleaned up). The district court must conclude that "(1) the underlying § 2255 petition raises a substantial question of law, and (2) the motion for release pending resolution of the § 2255 claim is based on 'exceptional' circumstances deserving special treatment." *Id.* Likelihood of success on the merits is a "forceful special circumstance." *United States v. Wilson*, 25-3041, 2025 WL 999985, at *1 (D.C. Cir. Apr. 2, 2025) (cleaned up).

But even if the Court "liberally" construes Bell's *pro se* motion as a motion for release under Section 2255, *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), Bell has no live Section 2255 motion before this Court under which the Court could grant release. More, the D.C. Circuit panel denied Bell's request for leave to file a second or successive Section 2255 motion. *See* Order, *Bell v. United States*, 25-3027 (D.C. Cir. July 11, 2025), Doc. 2125038. Until the D.C. Circuit resolves whether it can adjudicate Bell's petition for rehearing from that denial, Bell's Section 2255 motion may never see the light of day. So it seems unlikely that the Court has authority to release Bell.

Even if it could, the Court finds that Bell has not established exceptional circumstances to justify release. Start with Bell's citation to *Bowe v. United States*, 607 U.S. 13 (2026). Bell seems to suggest that the Court should release him because his petition for rehearing was held in abeyance pending the Supreme Court's decision in *Bowe*. Mot. for Bond at 1–2. But that case has nothing to do with the merits of Bell's Section 2255 motion. In *Bowe*, the Supreme Court

held that it has certiorari jurisdiction over a circuit court's decision to grant or deny leave to file second and successive motions by federal prisoners under 28 U.S.C. § 2255. 607 U.S. at 24. At most, *Bowe* means that the D.C. Circuit panel's decision not to let Bell file a successive motion is reviewable by the Supreme Court. It does not show that the legal arguments in Bell's motion raise a "substantial question," much less a likelihood of success on the merits.

Nor do the contents of Bell's Section 2255 motion before the D.C. Circuit raise a substantial question of law. First, Bell raises various complaints about mail tampering, misconduct, mistreatment, and discrimination by prison staff. *See* Mot. for Bond App. B ("App. B") at 5–85, ECF No. 387-1. But he does not show how such complaints affect the viability of his underlying conviction or sentence.

Second, Bell says the Court was wrong to hold him accountable for "35 grams of crack cocaine" in calculating his base offense level because "the jury never found him guilty" of possessing that quantity of narcotics. App. B at 8, 14. But controlling precedent allows a sentencing judge to "consider uncharged or even acquitted conduct in calculating an appropriate sentence, so long as that conduct has been proved by a preponderance of the evidence and the sentence does not exceed the statutory maximum for the crime of conviction." *United States v. Settles*, 530 F.3d 920, 923 (D.C. Cir. 2008) (Kavanaugh, J.).

That is what happened here. After reviewing the trial record, the Court "f[oun]d" that Bell's possession of at least 35 grams of crack cocaine was "shown by a preponderance standard." Sent'g Tr. 10:9–10:11, ECF No. 209. More, the Court found that "the acquitted conduct" was "relevant" to Bell's Guidelines calculation because it "show[ed] a pattern and practice of which the convicted conduct was a part." *Id.* 9:10–9:12. Since that consideration

"d[id] not raise or lower the statutory maximum" for Bell's conviction, the Court was free to consider the acquitted conduct in determining Bell's sentence. *Id.* 9:2–9:9.

Bell has not shown exceptional circumstances, so the Court denies his motion.

**III.**

Finally, the Court turns to Bell's remaining motions. The Court addresses Bell's (1) motion to clarify, (2) request for a Court order regarding his mail, (3) motion to show cause, and (4) requests for trial transcripts.

First, Bell's motion to clarify. Bell requests that the Court send him a written response letting him know whether the Government responded to his motion for return of seized property. Mot. to Clarify at 1, ECF No. 380. But Bell filed his motion before the Government filed its response. It has since responded. *See* Gov't's Suppl. Resp. at 1–13. Because later events have resolved Bell's concern about not receiving the Government's filing, the motion is denied as moot. *See Pub. Citizen, Inc. v. FERC*, 92 F.4th 1124, 1127 (D.C. Cir. 2024).

Second, in the same motion, Bell alleges that prison officials are retaliating against him by "denying [him] his legal-mail [sic] from the courts from time to time." Mot. to Clarify at 1. He asks the Court to instruct prison officials to open the Court's mail in his presence. *Id.*

Under Bureau of Prisons regulations, mail from the "U.S. Courts" qualifies as "special mail." 28 C.F.R. § 540.2. That designation can trigger certain processing requirements, including that officials open the mail "only in the presence of the inmate" and without reading its contents. *Id.* §§ 540.18(a), 540.2. But unless "the sender [is] adequately identified on the envelope" and the envelope is marked "Special Mail—Open only in the presence of the inmate," it is up to officials whether to open the mail in the inmate's presence. *Id.* §§ 540.18(b), 540.2.

Here, Bell's allegations of mail tampering are too "conclusory" to justify a court order. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). For all the Court knows, the prison officials might be doing exactly what the regulations demand of them—opening properly marked mail in front of Bell but exercising discretion to treat other mail as general correspondence. *See McCain v. Reno*, 98 F. Supp. 2d 5, 7 (D.D.C. 2000) (noting that not all "judges, clerks[, or] other court personnel" affix the "Special Mail" marking to mail sent from the courthouse). And although Bell may prefer that his mail is opened in front of him, failure to open court correspondence in Bell's presence, without more, "does not infringe any constitutional right." *Id.* at 9. The Court will, however, direct the Clerk's office to label the envelope containing this decision as indicated under 28 C.F.R. § 540.2.

Third, Bell moves for a show cause order because of the Government's supposed failure to respond to his motion for the return of seized property. Mot. to Show Cause at 1–2, ECF No. 385. But the Government has filed the requested response, *see generally* Gov't's Suppl. Resp., so the motion to show cause is denied as moot.

Bell's last request is for leave to file a motion requesting a copy of the trial transcript with the final jury instructions. *See* Req. for Leave at 4–5, ECF No. 390. Bell argues that he needs the transcript to effectively pursue his appeal. *Id.* at 4. But his appeal was already dismissed for lack of prosecution, so his request also is denied as moot. *See id.* at 8 (attaching the order dismissing his appeal).

**IV.**

Upon consideration of Defendant's motions, the briefing related to these motions, the record, and the relevant law, and for the reasons explained above, it is hereby

**ORDERED** that Defendant Orlando Bell's [332] and [340] Motions for Return of Seized Property are **GRANTED** in part and **DENIED** in part. The Government is **ORDERED** to provide for the return of the seized cell phones. In all other respects, the motions are denied. It is

**FURTHER ORDERED** that Defendant Orlando Bell's [380] Motion to Clarify, [385] Motion for Rule to Show Cause, [387] Motion for Bond, and [390] Request for Leave are **DENIED**. It is

**FURTHER ORDERED** that, when mailing a copy of this decision to Defendant at the address of record, the Clerk shall clearly designate this Court as the sender. The Clerk also shall write on the envelope the following language: "Special Mail—Open Only in the Presence of the Inmate."

**SO ORDERED.**

2026.11.23 18:00:18 -05'00'

Dated: November 23, 2026 TREVOR N. McFADDEN, U.S.D.J.